**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2505
_____

LEANDRA ALLEN,
                              Appellant

v.

NUTRISYSTEM, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-04107)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2013

Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: November 25, 2013)
_____

OPINION
_____

PER CURIAM

       Leandra Allen brought an action in the United States District Court for the Eastern

District of Pennsylvania against her former employer, Nutrisystem, Inc. ("Nutrisystem"),

alleging racial discrimination, hostile work environment, and retaliation under 42 U.S.C.

§ 1981, and interference and retaliation under the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq. ("FMLA"). The District Court granted summary judgment in favor of Nutrisystem on Allen's retaliation claims after determining that Allen had withdrawn her other claims. After reviewing Allen's arguments and the record on appeal, we conclude that the District Court did not err in granting summary judgment in favor of Nutrisystem. Accordingly, we will affirm the judgment of the District Court.

Because we write primarily for the parties, who are familiar with this case, we only briefly recite the facts. Allen is African-American. She began working at Nutrisystem in May 2008 as a customer service representative until her termination in September 2010. Allen's responsibilities included assisting Nutrisystem's customers with questions regarding the company's products and working with outside vendors. As part of the hiring process, Allen signed various forms acknowledging her receipt of Nutrisystem's Employee Handbook and its Call Center Code of Conduct. The Call Center Code of Conduct generally instructs employees to work hard to solve customer issues and to treat customers with respect. The Employee Handbook specifies that disciplinary action and discharge may be levied against employees who violate the Call Center Code of Conduct.

During the course of Allen's employment, she had three different supervisors. Allen began to experience problems with Nutrisystem staff while under the supervision of her second supervisor, Maureen Shaeffer ("Shaeffer"). On January 4, 2010, after several of Allen's co-workers made rude comments to her, Allen asked Shaeffer to investigate the matter. Following her investigation, Shaeffer orally warned the other

2

members of Allen's team that rude behavior would not be tolerated. On February 1, 2010, Allen submitted a written complaint to Nutrisystem's human resources department describing the same allegations that she previously described to Shaeffer, but with additional detail. Allen also requested that she be allowed to move her seat. Several days later, a member of the human resources department met with Allen to address her complaint. She was also permitted to move her seat.

Several months later, on June 1, 2010, Allen submitted a written complaint to the human resources department regarding Shaeffer. In the complaint, Allen alleged that Shaeffer had reprimanded her in front of other employees, falsely accused her of violating procedure, and isolated her from other members of the team. In a subsequent meeting with human resources, Allen accused Shaeffer of racism. In addition to her internal complaints, on June 25, 2010, Allen filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge alleged that Shaeffer had engaged in harassing behavior toward Allen on account of her race.

Allen also requested and took FMLA leave three times during her employment-- seven days of leave during December 2009; approximately two months of leave beginning in March 2010; and seven days of leave in late-June 2010. After Allen returned from her third period of FMLA leave, she received three "write-ups." On July 28, 2010, Patricia Houser ("Houser"), Allen's third supervisor, issued Allen a written warning for failing to call out from work within the expected timeframe. On August 18, 2010, Houser issued Allen a "final written warning" as a result of her violation of

3

Nutrisystem's call policies and her treatment of customers. Finally, on August 25, 2010, Allen received a "coaching notice" because she failed to handle a call from a belligerent customer in the appropriate manner. In response to the final written warning, Allen sent an email to the human resources department wherein she attributed her recent poor performance to mechanical problems with her phone. Thereafter, a member of human resources investigated the matter and determined that mechanical problems were not to blame. On September 2, 2010, Nutrisystem terminated Allen's employment citing her poor work performance.

In June 2011, Allen initiated her suit in the District Court. At the close of discovery, Nutrisystem filed a motion for summary judgment, which the District Court granted. Allen, proceeding pro se, appeals that decision.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

As an initial matter, we address Allen's argument that the District Court erred in determining that she withdrew several of her claims. Allen, in her opposition to Nutrisystem's motion for summary judgment, explicitly withdrew her claims for hostile

work environment and discrimination under § 1981, as well as her interference claim under the FMLA. Allen was represented by counsel during that stage of the proceedings. Thus, her argument that the District Court erred in determining that she withdrew those claims is without merit.

Retaliation Claims

Allen argued that Nutrisystem terminated her employment for having made complaints about racial discrimination, in violation of 42 U.S.C. § 1981. Section 1981 guarantees the right of all persons in the United States "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981; Estate of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 797 (3d Cir. 2010). As Allen did not submit direct evidence of discriminatory behavior, the District Court appropriately analyzed her claim under the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999) (applying McDonnell Douglas framework to § 1981 claim). Under that framework, a plaintiff challenging an adverse employment decision has the initial burden of establishing a prima facie case.[1] See McDonnell

---

[1] To establish a prima facie case for retaliation under § 1981, Allen was required to show that "(1) [s]he engaged in protected activity, (2) [her] employer took an adverse employment action against [her], and (3) there was a causal connection between [her] participation in the protected activity and the adverse employment action." Estate of Oliva, 604 F.3d at 798.

5

Douglas, 411 U.S. at 802. The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the decision. Id. Once that burden is met, the plaintiff must establish by a preponderance of the evidence that the nondiscriminatory reasons articulated by the employer are pretextual. See Jones, 198 F.3d at 410. In the summary judgment context, this means that once the employer articulates a legitimate, non-discriminatory reason, "the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). It is not enough to show that the employer's decision was just wrong or mistaken. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108-09 (3d Cir. 1997) (en banc).

Here, the District Court granted summary judgment because it found that Allen had not demonstrated the causation necessary to sustain a prima facie case of retaliation. The court further held that, even assuming she had met her initial burden, Nutrisystem set forth legitimate, non-retaliatory reasons for Allen's termination which she failed to rebut. We need not address whether Allen made out a prima facie case of retaliation because we agree with the District Court that, even if she had done so, Allen failed to sufficiently cast doubt on Nutrisystem's stated non-retaliatory reasons for terminating her employment--i.e., Allen's poor work performance and her use of company time to perform personal tasks.

6

As the District Court correctly noted, Allen did not dispute that she completed school work and other personal projects during business hours.[2] Nor did she set forth evidence sufficient to dispute Nutrisystem's records, which indicate that in the weeks leading up to her termination, she disconnected numerous customer calls, repeatedly placed customers on hold, and failed to answer other calls altogether, all in violation of company policy. Although Allen argues that the disconnected calls may be attributed to mechanical issues regarding her telephone equipment, there is no record evidence from which a reasonable jury could conclude that her telephone consistently malfunctioned (or that Nutrisystem intentionally failed to correct the alleged malfunctioning equipment) during the relevant time period.[3] In sum, we agree with the District Court that Allen's evidence is insufficient as a matter of law to support an inference that Nutrisystem's proffered reasons for terminating her employment were "merely a pretext for discrimination, and not the real motivation for the unfavorable job action." Sarullo v.

---

[2] Nutrisystem set forth evidence showing that, in August 2010, Allen sent numerous versions of a paper for one of her school courses back-and-forth between her personal account and work email account, as well as dozens of pages of slides related to another one of her courses. She also emailed poems and drafts of a book she was writing between the two addresses.

[3] We further agree with the District Court that with respect to this claim, Allen failed to identify in her opposing brief any similarly situated persons who were treated differently for engaging in conduct similar to Allen's. See Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998) (holding that a petitioner may raise an inference of discrimination by demonstrating that "similarly situated persons were treated differently.")

7

U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam).  Summary judgment was therefore appropriate.

Allen also argued that she was terminated in retaliation for her use of FMLA leave on three separate occasions.  As with Allen's § 1981 retaliation claim, Allen's FMLA retaliation claim is analyzed under the McDonnell Douglas burden-shifting framework.  Thus, Allen must initially establish a prima facie case of retaliation by demonstrating that (1) she took an FMLA leave, (2) she suffered an adverse employment decision, and (3) there is a causal connection between the adverse employment decision and the FMLA leave.  Conoshenti v. Public Svc. Electric & Gas Co., 364 F.3d 135, 146 (3d Cir. 2004).

The District Court granted summary judgment because it determined that Allen had not demonstrated a causal link between her protected activity and Nutrisystem's actions.  The court further held that, even if she had, no reasonable jury could have found that Nutrisystem's reasons for firing her were pretextual.  As with her § 1981 claim, we need not address whether Allen satisfied her initial burden because we agree with the District Court that, even assuming she did, Allen failed to rebut Nutrisystem's legitimate, non-retaliatory reasons for taking adverse action.

Again, Allen failed to set forth evidence sufficient to discredit Nutrisystem's proffered reasons for her termination.  Further, for the reasons identified by the District Court, Allen's comparator evidence as to this claim is inadequate.  See, e.g., Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994) (stating in order to show that an employee is "similarly situated," all of the relevant aspects of employment need to

8

be nearly identical), <u>overruled on other grounds as stated in</u> <u>Carter v. Toyota Tsusho Am.,</u>

<u>Inc.</u>, 2013 WL 3306336 at *8 (6th Cir. 2013).  Therefore, we will affirm the District

Court's grant of summary judgment to Nutrisystem on this claim.

For all of these reasons, we will affirm the District Court's order granting

summary judgment in favor of Nutrisystem.[4]

---

[4] Nutrisystem filed a motion for leave to file its second supplemental appendix under
seal.  This supplemental filing primarily contains Allen's medical records.  The District
Court granted a similar request below.  We have recognized the important privacy
interest in one's medical records.  <u>Doe v. Delie</u>, 257 F.3d 309, 314-15 (3d Cir. 2001).
The right to privacy is a consideration in the balancing process that courts conduct in
deciding whether to file a document under seal.  <u>Pansy v. Borough of Stroudsburg</u>, 23
F.3d 772, 786-87 (3d Cir. 1994).  In light of the District Court's treatment of these
records and because in this instance, the right to privacy outweighs the public's right of
access to materials filed in litigation, we grant Nutrisystem's motion to file the second
supplemental appendix under seal.  Nutrisystem's motion for leave to lodge in CD-ROM
Format Exhibit WW is also granted.